IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL SCOTT FLAKES,

               Plaintiff                       OPINION AND ORDER

v.                                              15-cv-245-slc

EDWARD F. WALL, *et al.*,

               Defendants.

---

On March 9, 2016, I issued an order granting *pro se* plaintiff Joel Scott Flakes leave to proceed against three DOC employees — Ms. Stout, Sergeant Szymanski, and Officer Glen — on claims that they violated his rights under the Eighth and Fourteenth Amendments by revealing his sexual orientation to other inmates, by disregarding serious risks of harm against him and by discriminating against him because he is homosexual. I dismissed several other claims based on prison grievances, the Americans with Disabilities Act, the Wisconsin Constitution, and various state statutes, for failure to state a claim upon which relief could be granted. I also dismissed several defendants from the case because Flakes's allegations did not support an inference that these defendants violated his rights.

Flakes has moved to amend his complaint, or in the alternative, for reconsideration of the order dismissing Warden Reed Richardson, Institution Complaint Examiners Leahan Dione and Darcy Zeiler, Corrections Complaint Examiner Karen Gourlie, and former DOC Secretary Edward Wall. (Dkt. 13.) Although Flakes labels his submission a motion to amend, he has not included any new allegations. Instead, Flakes argues that he should be permitted to proceed against the dismissed defendants for two reasons. First, he argues that by dismissing or rejecting his numerous inmate complaints, these defendants impeded his ability to exhaust his claims, thereby violating his constitutional rights to free speech and redress of the government.

However, as I explained previously, prison officials are under no constitutional obligation to provide an effective grievance system or, for that matter, any grievance system at all. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.")  Therefore, Flakes cannot bring a claim against a prison official simply because that official interfered with Flakes's ability to use the prison grievance system.  That said, if defendants argue that Flakes's claims in this case should be dismissed because he failed to properly exhaust his prison remedies before filing suit, then Flakes may argue in response that these prison officials impeded his ability to use the prison grievance system.

Flakes' second argument is that by ignoring his inmate complaints describing harm he suffered and risks he faced, the dismissed defendants should be liable under the Eighth Amendment for failing to protect him from a serious risk of harm.  One problem with this argument is that Flakes's inmate grievances do not clearly state what harm he believed he was facing.  Instead, he wrote in his grievances that he believed he was being discriminated against because he was black and disabled, but he did not clearly state how any prison official was discriminating against him.  Flakes also wrote in his grievances that prison staff were ignoring risks to his safety and the safety of other inmates with "alternative lifestyles," by placing them with cell mates who did not like them.  Flakes, however, did not specifically explain why he believed his current situation presented a risk to him.  These vague statements do not permit an inference that the inmate complaint examiners who rejected Flakes's complaint for failing to

2

comply with grievance procedures acted with deliberate indifference to a substantial risk of serious harm to Flakes. Nor do these allegations permit an inference that the corrections complaint examiner or former secretary Wall disregarded a substantial risk of serious harm to Flakes.

It is a closer question whether Flakes has stated a claim against Warden Richardson based on his allegations that Richardson received Flakes's grievances and invited Flakes to provide more information, to which Flakes responded by reiterating his concern that he was in an unsafe cell. The Seventh Circuit has held that an inmate should be permitted to proceed on an Eighth Amendment claim against a warden on allegations that the warden "consciously turned a blind eye toward an obvious risk" to an inmate's safety when the inmate notified the warden directly that he had been placed in a cell "with inmates with whom there was bound to be a confrontation" and that "violence was inevitable." *Santiago v. Walls*, 599 F.3d 749, 759 (7th Cir. 2010). Although Flakes's communications to the warden are not as specific or direct as those at issue in *Santiago*, I conclude that Flakes has pleaded enough at this stage to proceed against Warden Richardson on an Eighth Amendment failure to protect claim. At summary judgment or trial, however, Flakes will have to come forward with admissible evidence proving that Richardson was both aware that Flakes faced a substantial risk of serious harm and that Richardson disregarded that risk by failing to take reasonable measures to address it.

ORDER

IT IS ORDERED that plaintiff Joel Scott Flakes' motion to amend or for reconsideration, dkt. 13, is GRANTED IN PART and DENIED IN PART. Flakes is GRANTED leave to proceed on his claim that Warden Reed Richardson failed to protect him from a substantial risk of serious harm in violation of the Eighth Amendment. The motion is DENIED in all other respects.

Entered this 20th day of April, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge